NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1202
_____

In re: U LOCK INC.,
Debtor

SHANNI SNYDER,
as assignee of Robert Slone, Chapter 7 Trustee for U Lock Inc.,
Appellant

v.

CHRISTINE BIROS and the BIROS IRREVOCABLE LIFE INSURANCE TRUST
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-23-cv-01410)
U.S. District Judge: Honorable Arthur J. Schwab
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2024
_____

Before: SHWARTZ, MATEY, and McKEE, Circuit Judges.

(Filed: January 9, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Shanni Snyder appeals from the District Court's order affirming the Bankruptcy Court's dismissal of her adversary action alleging that U Lock transferred property to Christine Biros and that such transfer was an avoidable preference or fraudulent transfer. Because Biros always held equitable title to the property, the property was not a part of the estate and hence could not be transferred from it. As a result, we will affirm the order dismissing the adversary action.

I[1]

A

A group of individuals—including Biros, her brother, and relatives of Snyder— formed U Lock Inc. to purchase a commercial property for development. Biros lent U Lock $325,000 to purchase the property[2] and U Lock closed on the property. U Lock never repaid Biros for the loan.

Two years later, Biros filed a complaint against U Lock and the property's prior owners in Pennsylvania state court, asserting that she was the property's equitable owner because U Lock never repaid her and requesting an order compelling the prior owners to convey legal title to her. After trial, the court (1) found that the initial deeds naming U Lock as the grantee were void ab initio because U Lock was not a properly formed

---

[1] We accept as true the facts stated in the adversary complaint and may also consider "public records, including judicial proceedings." In re Energy Future Holdings Corp., 990 F.3d 728, 737 (3d Cir. 2021) (quoting S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999)).

[2] U Lock had no other assets at the time.

corporation at the time of sale; (2) imposed a constructive trust on the property and recognized Biros as its equitable owner because she had fully funded the purchase and U Lock did not repay her; and (3) directed U Lock to convey legal title to Biros. The state appellate court affirmed, finding "no error in the trial court's imposition of a constructive trust on the [p]roperty and its direction that ownership thereof be transferred to [Biros]." Biros v. U Lock Inc., 255 A.3d 489, 496 (Pa. Super. Ct. 2021). The state supreme court denied U Lock's petition for leave to appeal. The next day, Biros recorded the relevant deeds to the property in her name.

Months later, purported creditor Snyder placed U Lock into involuntary Chapter 7 bankruptcy. Chapter 7 Involuntary Petition, In re U Lock Inc., No. 22-20823 (Bankr. W.D. Pa. Apr. 27, 2022), ECF No. 1. Snyder later purchased from the U Lock estate virtually all causes of action it held as of the date of its bankruptcy.

B

Snyder filed an adversary complaint against Biros,[3] alleging that the transfer of property from U Lock to Biros constituted an avoidable preference[4] or fraudulent

---

[3] Based on her ownership of the estate's causes of action, Snyder brings the present action as the estate's assignee. Order Confirming Sale, In re U Lock Inc., No. 22-20823 (Bankr. W.D. Pa. Dec. 20, 2022), ECF No. 254.

[4] "The Bankruptcy Code's avoidable preference provision, 11 U.S.C. § 547(b), allows a bankruptcy trustee to recover certain transfers a debtor made prior to filing a petition in bankruptcy." In re First Jersey Sec., Inc., 180 F.3d 504, 509 (3d Cir. 1999).

3

transfer,[5] and Biros moved to dismiss under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6).

The Bankruptcy Court granted Biros's motion, reasoning that (1) Snyder's claims required her to show a "transfer of an interest of the debtor in property"; and (2) Snyder could not make this showing because, under Pennsylvania law, the "debtor is deemed to have never owned the equitable interests [] in the first place," and therefore the imposition of a constructive trust is not a "transfer of an interest of the debtor." Snyder v. Biros (In re U Lock Inc.), 652 B.R. 456, 466, 468 (Bankr. W.D. Pa. 2023) (internal citations and quotation marks omitted) (emphasis omitted).

The District Court affirmed, holding that "the equitable interest in the [property] resided with Biros [since] the original date of transfer" to U Lock from the prior owners, and that therefore, "there was no conveyance from U Lock to Biros." Snyder v. Biros (In re U Lock Inc.), No. 23-1410, 2024 WL 69628 at *5 (W.D. Pa. Jan. 5, 2024).

Snyder appeals.

## II[6]

---

[5] "[11 U.S.C. §] 548(a)(1) allows a trustee to avoid any transfer of the debtor's interest in property made within [two years] before the filing of a bankruptcy petition if the transfer was the result of actual or constructive fraud." In re Fruehauf Trailer Corp., 444 F.3d 203, 210 (3d Cir. 2006).

[6] The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334, the District Court had appellate jurisdiction under 28 U.S.C. §§ 158 and 1334, and we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We exercise plenary review of the Bankruptcy Court's order dismissing the complaint, see In re Hertz Corp., 120 F.4th 1181, 1191 (3d Cir. 2024), and must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" In re Energy Future Holdings, 990 F.3d at 736-37 (quoting Ashcroft v. Iqbal, 556

To prevail on her claims, Snyder must demonstrate that there was a transfer of a property interest from U Lock to Biros. See 11 U.S.C. §§ 547(b) (providing "the trustee may . . . avoid any transfer of an interest of the debtor in property" meeting § 547's definition of a preference), 544(b) (providing "the trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law"), 548(a)(1) (providing "[t]he trustee may avoid any transfer . . . of an interest of the debtor in property" meeting § 548's definition of a fraudulent transfer). Because "state law generally determines what interest, if any, a debtor has in property," In re O'Dowd, 233 F.3d 197, 202 (3d Cir. 2000), we examine U Lock's interest in the property under Pennsylvania law to determine whether a transfer took place.[7]

Under Pennsylvania law, a constructive trust is "a relationship with respect to property[,] subjecting the person [holding title] to an equitable duty to convey [title] to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property." Kern v. Kern, 892 A.2d 1, 8 (Pa. Super. Ct. 2005) (internal quotation marks and citation omitted). The beneficiary of a constructive trust is deemed to have held equitable title from the date the original owner conveyed the property, and the trustee[8] (1) is deemed to "have never

---

U.S. 662, 678 (2009)); id. at 736 n.1 (explaining that under Bankruptcy Rule of Procedure 7012, motions to dismiss adversary complaints are evaluated under the standard set forth in Federal Rule of Civil Procedure 12(b)(6)).

[7] We may not sit in appellate review of the state court's decision to impose a constructive trust. Merritts v. Richards, 62 F.4th 764, 774 (3d Cir. 2023) ("The Rooker-Feldman doctrine prevents [district and circuit] courts from . . . engag[ing] in appellate review of state-court orders.").

[8] The trustee in this case is the legal title holder.

5

owned the equitable interest in [the] property in the first place," In re Pitchford, 410 B.R. 416, 420 (Bankr. W.D. Pa. 2009); and therefore (2) has "no right whatsoever to the property," Kern, 892 A.2d at 8. "[A]lthough a constructive trust may not be judicially decreed until many years subsequent to the transaction giving rise to the trust, the accepted theory is that the constructive trust is in existence at the inception of the transaction." Grubbs v. Dembec, 418 A.2d 447, 451 n.1 (Pa. Super. Ct. 1980) (citations omitted); see also City of Farrell v. Sharon Steel Corp., 41 F.3d 92, 97 (3d Cir. 1994) (recognizing that, under Pennsylvania law, a constructive trust arises at the time of the relevant transaction).

Here, Biros loaned U Lock the funds to buy the property from the prior owners. U Lock never repaid her for her loan and had no assets with which to do so. As a result, the state court (1) imposed a constructive trust on the property as of the date it was sold and recognized Biros as the beneficiary and equitable title holder to compensate her for the loss of her funds and (2) recognized U Lock, as the trustee, as holding only legal title.

Because a constructive trust exists at the time a prior owner sells a property to a debtor, bankruptcy courts applying Pennsylvania law have determined that a judicial declaration of a constructive trust does not constitute a transfer of property of the estate. See, e.g., In re Aultman, 223 B.R. 481, 485-86 (Bankr. W.D. Pa. 1998) (explaining that, under Pennsylvania law, imposition of a constructive trust is not a transfer of an interest from the debtor in the property); In re Pitchford, 410 B.R. at 422-23 (same). The debtor, as trustee, never had any equitable interest in the property to transfer, In re Pitchford, 410 B.R. at 423, and any transfer of bare legal title for such property is not a transfer of

property of the estate, see In re Net Pay Sols., Inc., 822 F.3d 144, 155 (3d Cir. 2016) ("[T]he Code's definition of property of the estate [] includes 'all legal or equitable interests of the debtor in property as of the commencement of the case' but excludes property in which the debtor holds only legal title and not an equitable interest." (internal quotation marks and citation omitted); United States v. Whiting Pools, Inc., 462 U.S. 198, 204 n.8 (1983) (concluding that "Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as [] bare legal title").[9] Thus, neither the state court's declaration that Biros was the property's equitable owner, nor the subsequent transfer of legal title to her, constituted a transfer of property of the estate to Biros, and therefore, Snyder's avoidable preference and fraudulent transfer claims fail.[10]

III

For the foregoing reasons, we will affirm.

---

[9] The trial court ordered "the present conveyance of the . . . [p]roperty to Plaintiff Christine Biros." A405. Although Snyder argues that this language indicates that the court directed a transfer of estate property, we understand the phrase "present conveyance" to refer to the conveyance of legal title only, which all parties agree U Lock held at the time the state trial court issued its opinion.

[10] Snyder's reply brief also alludes to the "strong-arm powers of the Trustee as creditor" under 11 U.S.C. § 544(a), Reply Br. at 5, but she did not raise it in her opening brief so the argument is forfeited. Kalu v. Spaulding, 113 F.4th 311, 344 n.21 (3d Cir. 2024).